```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DALE C. GITTINGS,                    )
                                     )
               Plaintiff,            )
                                     )
     v.                              )   No.  08 C 4972
                                     )
TREDEGAR FILM PRODUCTS-LAKE ZURICH,  )
LLC, et al., etc.,                   )
                                     )
               Defendants.           )
```

## MEMORANDUM ORDER

In this action brought by Dale Gittings ("Gittings") against both his ex-employer Tredegar Film Products-Lake Zurich, LLC[1] ("Tredegar") and ERISA plan administrator Sun Life Assurance Company of Canada ("Sun Life"), Tredegar has filed its Answer, including affirmative defenses, and Sun Life has just filed its Amended Answer to Gittings' Complaint. This memorandum order is issued sua sponte to raise a question as to the propriety of bringing an ERISA claim against Sun Life.

Although its view does not appear to be shared universally among the other Courts of Appeals around the country, our Court of Appeals takes the position that absent special circumstances the proper defendant in an employee's lawsuit seeking the payment of ERISA benefits is the employee benefit <u>plan</u> rather than the plan administrator. Here is what that court said in <u>Mote v. Aetna Life Ins. Co.</u>, 502 F.3d 601, 610-11 (7th Cir. 2007),

---

[1] Gittings' Complaint identified the ex-employer as "Tredegar Film Products, a division of Tredegar Corporation," but the ex-employer's Answer has moved for substitution of the proper corporate name, set for presentment November 17, 2008.

affirming this Court's dismissal of the employee's claims against the insurance company that was acting as plan administrator:

> Finally, Mote contends that the district court erred by dismissing her claims against Aetna upon its finding that Aetna was not a proper party to the action. She asserts that she should be able to sue both her employer's ERISA plan (i.e., the Plan) and the Plan's administrator, Aetna. Generally, in a suit for ERISA benefits, the plaintiff is "limited to a suit against the Plan." Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan, 378 F.3d 669, 674 (7th Cir. 2004). While we have allowed plaintiffs in ERISA cases to sue an ERISA plan administrator in some limited instances, the operative facts of those cases differ from those in this case. For instance, in Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997), we permitted a plaintiff to sue the plan administrator to recover ERISA benefits because the employer failed to raise the issue in the district court and the plan documents referred to the employer and the plan interchangeably. Neither of those pivotal facts is present here. Similarly, in Mein v. Carus Corp., 241 F.3d 581 (7th Cir. 2001), we allowed a plaintiff to sue his employer to recover ERISA benefits because the employer and the plan were closely intertwined. Id. at 584-85. We are not faced with that situation in this case, since Aetna was not Mote's employer and the Plan's policy distinguishes between the Plan, the employer, and Aetna. We thus find that the district court did not err in dismissing Aetna from the suit because it was not a proper party to the action.

This action is scheduled for presentment of the motion referred to in n.1 at 9:15 a.m. November 17. At or before that time Gittings' counsel will be expected to address the issue raised by this memorandum order.

In the meantime Sun Life, which has somewhat inexplicably failed to raise the issue discussed in this memorandum order, has filed an Amended Answer that is permeated with two problematic

2

features:

   1. Many of its paragraphs--all of those in which it seeks to get the benefit of a deemed denial under Fed. R. Civ. P. 8(b)(5)--simply do not track the plain dictate of that Rule (see, as just one example, Amended Answer ¶3). In that respect Sun Life's counsel should read App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

   2. In the numerous paragraphs of the Amended Answer that deny the corresponding averments by Gittings, Sun Life flat-out "denies the allegations." By contrast, the many paragraphs that contain admissions state that Sun Life "admits the <u>material</u> allegations" (emphasis added). Is the reader expected to guess whether Gittings has also made any allegations that are not "material," so as to be excluded from Sun Life's admissions?

If Sun Life remains in the case it will have to replead, and this Court will enter an appropriate order setting the conditions for such repleading. That subject too will await the disposition of the issue identified earlier in this memorandum order.

_____
  Milton I. Shadur
  Senior United States District Judge

Date: November 10, 2008