IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DALE C. GITTINGS,                    )
                                     )
              Plaintiff,             )
                                     )
    v.                               )    No.  08 C 4972
                                     )
TREDEGAR CORPORATION, et al.,        )
                                     )
              Defendants.            )

MEMORANDUM ORDER

Counsel for plaintiff Dale Gittings ("Gittings") has recently filed a very-much-belated motion to file a Second Amended Complaint ("SAC") that would rename Tredegar Film Products Corporation as a defendant.[1] Defense counsel has responded with a 9-1/2 page memorandum closely packed with a host of reasons for the denial of Gittings' motion.

In candor, this Court has difficulty in understanding how Gittings' counsel can have advanced the current motion in the objective good faith that is demanded of every lawyer and client by Fed. R. Civ. P. ("Rule") 11(b). Indeed, but for this Court's

---

[1] "Rename" may not be precisely the right term to describe the situation here. Originally Gittings' Complaint named "Tredegar Film Products, a division of Tredegar Corporation" as one of two defendants (the other being an insurance company charged with having been the administrator of an employee benefit plan). That filing was perhaps understandable because the "Tredegar" name attaches to a number of related but separate entities. But when defense counsel promptly cleared up the situation by identifying Tredegar Film Products-Lake Zurich, LLC ("Lake Zurich") as Gittings' ex-employer, Gittings' counsel filed an Amended Complaint in November 2008 that voluntarily dismissed the original Tredegar-named defendant and substituted Tredegar Corporation and Lake Zurich as defendants.

general inclination to reserve any consideration of sanctions against counsel to situations where it is pretty clear that subjective bad faith is involved in addition to a failure to meet the test of objective good faith, the present situation would appear to be a likely candidate for such consideration.

What has plainly emerged from the current defense memorandum and its package of attached exhibits is the truly minimal involvement that any Tredegar Film Products Corporation employees had in the matter in controversy here, with the adverse employment decision that Gittings complains of actually having been made by Lake Zurich Plant Manager Andy Poole. Defense counsel has correctly identified an entire group of reasons for rejection of Gittings' current motion, any one of which would suffice for that purpose.

Accordingly the motion is denied, and the previously-set status date of April 21 is vacated. This case will go forward instead through the anticipated resolution of the other pending and fully briefed motions that are represented by Dkt. Nos. 58 and 60.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 16, 2010